Peaesoiv, C. J.
 

 Was there a gift, or a sale and delivery of the slaves ? That is the question. A father says to his children,
 
 “
 
 These slaves came by your deceased mother, take them and divide them among yourselves.” Accordingly, a division among the children is forthwith made in the presence of the father, and for equality of partition, one of the children pays certain amounts of money to the others: but for the act of 1806, which requires gifts of slaves to be in writing, attested by a subscribing witness, it would never have entered into the head of any man to conceive that this amounted to any thing more than
 
 a gift
 
 by a father to his children ; and in spite of the statute, ingenuity itself is unable to suggest a plausible ground, in support of the position, that it was
 
 a sale and delivery.
 

 Did the father intend to sell ? Did he receive a valuable consideration ? The child who was taxed with some amount for equality, had the most valuable share, and. the amounts
 
 *408
 
 paid to the other children was by way of compensation (as distingushed from a price paid) to make the division equal. Before the division, it was certainly a mere gift. Can the fact, that the children happened to make a division, according to which, one, whose share was the most valuable, paid money to the others, to make the value equal, convert the original act of the father into a sale and delivery by him? The children who received money, as well as a share of the slaves, certainly were not
 
 purchasers.
 
 Can it be a gift as to them, and a sale and delivery in respect to the one who received the most valuable share ?
 

 It was said, “ if the transfer of the slaves be void, this child will be money out of pocket.” That is true; but he may recover it back from the other children, because of a total failure of consideration between him and them, and it, in no wise affects the father, to whom the fact, whether there was, or was not a division, and the manner thereof, was wholly indifferent. The truth is, the act of 1806, bears hard upon the defendant, who has honestly paid a fair price for the slaves in controversy, and the effort made to take this case out of its operation, and the disposition, on the part of the Court, to do so, if possible, proves the truth of the saying that, “hard cases are the quicksands of the law.”
 

 To the comments upon the policy of the act of 1806, made by the counsel of the defendant, it may be proper to reply; although in this, and in many other instances, a father is enabled, by revoking a parol gift of slaves, to defeat the claims of honest creditors, and defraud purchasers, for value, from their children and sons-in-law, where the necessary caution in respect to an examination into the title has not been observed, still it is a wise choice between two evils ; for no man can imagine the extent of the mischief, in respect to
 
 perjury
 
 and fraud, and the
 
 wnaertainty of title
 
 in regard to this most valuable species of property, which is protected by the act.
 

 The exception, as to the deed of November 1851, was not relied on. There is no error.
 

 Pjee CuRiam, Judgment affirmed.